Affirmed and Memorandum Opinion filed May 4, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00652-CV

___________________

 

Juan Antonio Guajardo, Appellant

 

V.

 

Norma Olvera, Appellee



 



 

On
Appeal from the 310th District Court

Harris County,
Texas



Trial Court Cause No. 2005-81473

 



 

 

MEMORANDUM  OPINION

            In
this divorce case, appellant Juan Antonio Guajardo appeals the trial court’s
division of property between him and his former wife, Norma Olvera.  Because
the trial court found that under the terms of the couple’s valid marital
agreement they owned no community property, we affirm.

I.  Factual and Procedural
Background

            Olvera filed for divorce and sought
judgment in accordance with a marital agreement.  While the case was pending,
Olvera and Guajardo entered into a partial settlement addressing many of the
issues concerning their minor child.  The trial proceedings therefore focused
primarily on property issues.

            Before trial, Guajardo stated in his
deposition that the signed marital agreement was in his possession, but when he
failed to produce it, Olvera moved the trial court to accept an unsigned
agreement as a substantial copy of the original.[1] 
At the combined hearing on the motion and the divorce trial, Olvera presented
evidence that Guajardo previously had conceded that the two of them executed the
agreement at the home of notary public Susan Ree on September 1, 2001, and that
he had possession of the signed document.  Both Olvera and the notary testified
that the unexecuted document offered by Olvera was the same as the marital agreement
she and Guajardo signed.  Although Guajardo testified at trial that the
unexecuted agreement was not the same as the one he signed at Ree’s residence
and that he did not recall signing this document, he could identify no
differences between the agreement Olvera produced and the one he admittedly
signed.

            The trial court admitted the document as
a substantial copy of the original signed marital agreement and signed a final
decree of divorce on April 22, 2008.  Guajardo filed a request for findings of
fact and conclusions of law, an original and an amended motion for new trial,
and a notice of past due findings of fact and conclusions of law.  The trial
court signed initial findings of fact on July 16, 2008, and pursuant to an
order of this court, signed and filed additional findings of fact and
conclusions of law on November 23, 2009.  

II.  Issues Presented

            Guajardo initially
presented three issues on appeal.  In his first issue, he argues that the trial
court’s division of the community estate was manifestly unjust and unfair because
the community property was divided “+125.25% in favor of the wife and . . . -25.25%
division for the husband.”  In his second issue, Guajardo contends that the
trial court clearly abused its discretion in finding that “the division of the
estate is just and right especially in view of the child’s autism problem, the
expense of dealing with it and the failure of Respondent (and the likelihood
this will continue) to make any significant contribution towards those expenses.” 
Guajardo argues in his third issue that the trial court’s failure to make
specific findings as to the property and debt values of the community estate as
required by Texas Family Code section 6.711 prevented him from properly
presenting his case on appeal.

            In his amended
reply brief, Guajardo raised the additional argument that the trial court’s
findings of fact did not include any element of a contractual ground of
recovery, and thus, no findings supporting the validity of the marital
agreement can be implied. [2] 
Although we normally do not consider issues raised for the first time in a
reply brief,[3]
the trial court made additional findings of fact and conclusions of law after
Guajardo filed his opening brief.  Thus, in the interest of justice, we consider
this issue as well.  See Tex. R.
App. P. 2; Tex. R. App. P.
38.7.  

III.  Standard of Review

            All property
possessed by either spouse during or on dissolution of marriage is presumed to
be community property.  Tex. Fam. Code
Ann. § 3.003(a) (Vernon 2006).  The burden of overcoming this
presumption is on the party asserting otherwise, and the standard of proof is
by clear and convincing evidence.  Id. § 3.003(b).  “Clear and
convincing” evidence means the measure or degree of proof that will produce in
the mind of the trier of fact a firm belief or conviction as to the truth of
the allegations sought to be established.  In re J.F.C., 96 S.W.3d 256,
264 (Tex. 2002).  

            In a divorce
decree, the trial court “shall order a division of the estate of the parties in
a manner that the court deems just and right, having due regard for the rights
of each party and any children of the marriage.”  Tex. Fam. Code Ann. § 7.001.  The trial court’s ruling will
not be disturbed on appeal unless the appellant demonstrates that the trial
court clearly abused its discretion by a division or an order that is
manifestly unjust and unfair.  See Stavinoha v. Stavinoha, 126 S.W.3d
604, 607 (Tex. App.—Houston [14th Dist.] 2004, no pet.).  Under this standard, neither
legal nor factual insufficiency of the evidence is an independent ground of
error, but each instead is a relevant factor in assessing whether the trial
court abused its discretion.  Id. at 608.  

IV.  Analysis

A.        Division of
Community Property

            Guajardo’s first
issue is based on a misreading of the findings of fact signed by the trial
court on July 16, 2008.  According to Guajardo, the trial court characterized
all of the parties’ property as community property and stated in its findings,
“[t]he Post Nuptial Agreement of the parties is not valid and enforceable.”  In
fact, the trial court found that “[t]he Post Nuptial Agreement of the parties
is valid and enforceable.”  In that agreement, the parties unambiguously stated
their intent: “It is our intent that, during our marriage, we will not own any
community property.”  Although Guajardo argues in his first issue that the
trial court’s division of community property was unfair, the trial court stated
in its additional findings of fact, “The parties do not own any community
property.”  

            Because Guajardo’s
first issue is not supported by the record, we overrule it.

B.        Child’s
Special Needs

            In his
second issue, Guajardo challenges the trial court’s finding that the property
division is just and right in view of his child’s autism.  Guajardo argues that
there was (1) no medical testimony or documentary evidence that the child
has been diagnosed with autism, (2) no testimony that the child’s attendance at
a particular school is medically necessary and appropriate for a child of her
age and special needs, and (3) no testimony about whether a public school could
meet the child’s needs at no cost to the parties.  

            Guajardo
cites no authority that such evidence was required at trial.  Moreover, Olvera’s
testimony about the child’s diagnosis was uncontroverted, and Guajardo’s
arguments concerning his daughter’s educational needs were actually resolved by
agreement, and thus, were not disputed issues to be resolved by the trial
court.  Specifically, Guajardo and Olvera reached a partial settlement in which
they agreed that their daughter “is a special needs child who need [sic]
assistance and support from her parents her entire life.”  They further agreed
that both parents are enjoined from “interfering with [the child’s] school or
programs at the Arbor School or any school she attends in the future.”  In
addition, they agreed that “[t]he child’s education plan shall be reviewed
every six (6) months by the current employed child education specialist along
with the child’s counselor at the school she is then attending to determine
whether the school is appropriate or whether she should move to another school
based on educational progress.”  Finally, the parties agreed that decisions
regarding their daughter’s education, health care, and psychological care would
be made jointly, and in the event of disagreement, the disputed issue would be
submitted to binding arbitration.  We therefore overrule Guajardo’s second
issue.

C.        Statutory Findings
of Fact

            Guajardo
also argued in his original brief that the trial court’s failure to make
specific findings as to the property and debt values of the community estate as
required by Texas Family Code section 6.711 prevented him from properly
presenting his case on appeal.  This issue became moot when the trial court
filed additional findings of fact and conclusions of law on November 23, 2009. 
We accordingly overrule Guajardo’s third issue.  

D.        Absence of Finding
That Guajardo Signed the Agreement

            Lastly,
Guajardo contends that the trial court failed to make a factual finding “on an
element of a contractual ground of recovery, the existence of a postnuptial
agreement between the parties.”[4] 
Citing Texas Rule of Civil Procedure 299, Guajardo argues that absent a finding
that he signed the marital agreement, we cannot imply any finding in support of
its existence, and thus, Olvera cannot rely on such an agreement to support the
award of certain assets as her separate property. 

            But it is
undisputed that Guajardo and Olvera signed an agreement at the home of notary
Susan Ree on September 1, 2001 as all three witnesses testified; the disputed issue
was whether the unsigned document Olvera produced at trial was a substantial
copy of that agreement.  See Tex.
R. Civ. P. 77.  The trial court agreed that the unsigned document was a
substantial copy of the signed marital agreement, and admitted it in evidence
as such.  As a result of that evidentiary ruling—which Guajardo has not
challenged—the unexecuted copy has the same force and effect as the signed
original.  See id.  Consistent with that ruling, the trial court (1) found
that the parties entered into a marital agreement, (2) identified the
separate property of each, and (3) held that “the parties do not own any
community property.”  There was no need for a separate evidentiary finding that
Guajardo signed the original of the admitted document.  Guajardo could have
appealed the court’s ruling admitting the document into evidence, but he did
not.

            In sum, no
specific finding that Guajardo signed the agreement was required.  We therefore
overrule the issue raised in Guajardo’s amended reply brief.

V.  Conclusion

            Because the
issues presented by Guajardo are inconsistent with the trial court’s rulings
and factual findings and fail to take into account the parties’ marital
agreement and partial settlement, we overrule each of his issues and affirm the
trial court’s judgment.

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

Panel consists of Chief
Justice Hedges and Justices Anderson and Christopher.









[1] See Tex. R. Civ. P. 77; Tex. R. Evid. 1004.





[2] A second issue presented
in Guajardo’s reply brief is simply a restatement of the first issue in his
original brief.





[3] See Tex. R. App. P. 38.3.





[4] See Act of April
3, 1997, 75th Leg., R.S., ch. 7, § 4.102, 1997 Tex. Gen. Laws 8, 21.
(amended 2003 & 2005) (current version at Tex.
Fam. Code Ann. § 4.102 (Vernon 2006)) (spouses may partition community
property into separate property); Tex.
Fam. Code Ann. § 4.103 (spouses may agree that income from separate
property is separate property); Act of April 3, 1997, 75th Leg., R.S., ch. 7,
§ 4.104, 1997 Tex. Gen. Laws 8, 21 (amended 2005) (current version at Tex. Fam. Code Ann. § 4.104 (Vernon
2006)) (such agreements must be in writing and signed by both parties).